UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEANU VACCARO, individually and on behalf of all
others similarly situated,

                                  Plaintiff,

                v.

CHIARI & ILECKI, LLP,

                              Defendant.

_____

<u>DECISION AND ORDER</u>

19-CV-6351L

      Plaintiff Keanu Vaccaro ("plaintiff") brings this action against Chiari & Ilecki, LLP ("defendant"), pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").   Defendant now moves (Dkt. #21) to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), for failure to state a claim. For the reasons that follow, that motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

      On February 3, 2015, defendant filed a Summons and Complaint in Erie County Supreme Court (the "2015 State Court Action") seeking to recover a $5,256.67 debt from plaintiff and plaintiff's father, Charles Vaccaro.   (Dkt. #21-2).   Charles Vaccaro settled that action, agreeing to pay the principal debt, plus interest and fees.   (Dkt. #21-4).   However, he made only two payments toward the debt, in February 2019 and March 2019, totaling $300.00.

      Defendant's attempts to locate plaintiff were unsuccessful until late 2018, after which defendant filed a second Summons and Complaint in Erie County Supreme Court (the "2019 State Court Action") seeking to recover the debt. Plaintiff was served with the Summons and Complaint in April 2019: at that point, the debt, as stated in the Summons and Complaint, did not yet account

for the $300.00 paid by Charles Vaccaro, because those payments were made after the Summons and Complaint were filed.   However, the papers served on plaintiff did include a notice that if he disputed the debt or wished to request the name and address of the original creditor, he could do so within 30 days, and defendant would cease its collection efforts until after it had provided the requested information to plaintiff.

Plaintiff commenced this action against defendant and its client, Western New York Federal Credit Union ("Credit Union"), on May 6, 2019, alleging multiple violations of the FDCPA related to the filing of the 2019 State Court action.   All claims against the Credit Union were thereafter dismissed, and plaintiff filed an Amended Complaint on December 30, 2019 (Dkt. #17), alleging that defendant violated the FDCPA when it made statements in connection with the pleadings in the 2019 State Court Action that were false and/or deceptive.   The instant motion followed.

## DISCUSSION

## I.      Standard on a Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), a court should "draw all reasonable inferences in [plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."   *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).   In evaluating a motion to dismiss, the Court's consideration is generally limited to the pleadings, and to any documents attached or incorporated therein by reference.   *See Baird v. Kingsboro Psychiatric Ctr.*, 2013 U.S. Dist. LEXIS 153701 at *6-*7 (E.D.N.Y. 2013).   However, the Court may appropriately take judicial notice of pleadings and filings made in related state court actions without converting the instant motion to one for summary judgment.   *See Blue Tree Hotels*

*Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

## II.     False Representation Claims Under the FDCPA

Plaintiff alleges that defendant violated Sections 1692e and 1692e(10) of the FDCPA. Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with collecting on any debt." 15 U.S.C. §1692e.   Section 1692e(10) prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

Whether a statement is false or misleading for purposes of the FDCPA is evaluated under the "least sophisticated consumer" standard, which is "an objective standard, designed to protect all consumers, 'the gullible as well as the shrewd,'" and asks whether the hypothetical least sophisticated consumer would be confused or misled by a debt collector's communications. *Huebner v. Midland Credit Mgmt.*, 897 F.3d 42, 51 (2d Cir. 2018) (quoting *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)).   The least sophisticated consumer "does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt."   *Ellis*, 591 F.3d 130 at 134 (internal quotation marks omitted).   However, the least sophisticated consumer is presumed to be willing "to read a collection notice with some care," and "the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations" of communications from a debt collector. *Id*.

Whether a false or misleading statement is also "material" (and thus, actionable) requires that it be "capable of influencing the decision of the least sophisticated consumer."   *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018).

Here, plaintiff alleges that defendant engaged in false representations when it issued him a statement – included with the Summons and Complaint that were served on him in connection with the 2019 State Court Action – specifying that if he disputed the debt or wished to request the name and address of the original creditor, he could do so within 30 days, and defendant would cease collection efforts until after that information was provided to him.   (Dkt. #21-3 at 3).

Plaintiff claims that the statement was a "validation notice" pursuant to the FDCPA and that it was false and misleading because it was issued prematurely, and thus referred to rights, responsibilities and time periods that had not yet been triggered.

By way of background, a "validation notice" is a particular statement issued by a debt collector to a debtor pursuant to FDCPA Section 1692g(a).   That Section requires that within 5 days of an "initial communication" with a consumer, the debt collector must provide the debtor with a validation notice notifying him of his right, within 30 days, to dispute the debt or request the name of the original creditor.

While pleadings are not considered an "initial communication" and defendant was thus not technically required to issue a validation notice to plaintiff with the Summons and Complaint in the 2019 State Court Action, there was nothing improper about defendant's having notified plaintiff of his rights earlier than the law required.   *See e.g.*, *Cohen,* 897 F.3d 75 (holding that a pleading is not an "initial communication," but taking no issue with the simultaneous service of a state court summons and a validation notice).   *See generally Derrick v. Nationstar Mortg., LLC*, 2017 U.S. Dist. LEXIS 122100 at *26-*27 (E.D.N.Y. 2017) (in a foreclosure action, defendants

did not violate the FDCPA by failing to validate debt on request, because plaintiff's opportunity to seek it lapsed 30 days after a validation notice served with the summons and complaint); *Coburn v. Gonzalez*, 141 F. Supp. 3d 1339, 1342 (S.D.Fla. 2015) (inclusion of a validation notice giving a 30-day deadline to dispute a debt, along with a summons and complaint providing a 20-day deadline to answer, would not likely confuse the least sophisticated consumer).

Assuming *arguendo* that the law would have required defendant to issue a second validation notice – communicating the commencement of a new 30-day period – to accompany any subsequent communication that *did* qualify as an "initial communication," plaintiff does not claim that defendant failed to send the required notice, or argue that such notice was sent, but was confusing or misleading.   *See Curry v. AR Res., Inc.* 2016 U.S. Dist. LEXIS 154234 (D.N.J. 2016) (collecting cases, and finding that the least sophisticated consumer would not be misled by receiving multiple validation notices at different times, each communicating the same 30-day period to dispute the debt or request creditor information).

The question before the Court, then, is simply whether the notice defendant sent to plaintiff contained materially false or misleading statements.   I find that it did not.

The notice reads, in pertinent part:

> …you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt . . . Unless you, within thirty days after receipt of this notice, dispute the validity of the debt . . . the debt will be assumed to be valid by us . . . However, if you dispute the debt or request the name and address of the original creditor within the thirty-day period that begins with your receipt of this summons, and in the manner stated above, the law requires us to cease efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

(Dkt. #17 at ¶18; Dkt. 21-3 at 3).

The statement's language is consistent with the provisions of Section 1692g, which require that a validation notice inform the debtor that they have 30 days to dispute the debt or request

verification and creditor information (otherwise, the debt collector will assume the debt to be valid), and further requires that if the consumer disputes the debt or requests verification or creditor information, attempts to collect will be stopped until responsive information is provided. 15 U.S.C. §1692(g).

I find no misstatement or ambiguity in the notice that was sent to plaintiff.    Indeed, while arguing that the notice's language was easily misunderstood, plaintiff does not actually allege that he misinterpreted it in any way or neglected to exercise his own rights because of it, or plausibly claim that the least sophisticated consumer would find the alleged misrepresentations to be material.

Plaintiff also alleges that the Summons and Complaint in the 2019 State Court Action misstated the amount owed.   The Court disagrees. The debt amount listed on the Summons and Complaint was true and accurate at the time the Summons and Complaint was filed on January 31, 2019.[1]   Furthermore, the Summons and Complaint was signed and conspicuously dated January 26, 2019, with a filing date stamp of January 31, 2019, and specifically noted that the amount owed was subject to adjustment for interest, costs and disbursements.   (Dkt.#21-3).   I find that the least sophisticated consumer would understand that the Summons and Complaint stated the amount of principal debt that was due and owing as of the date it was signed or even filed, rather than as of whatever unknown future time it was served on the debtor.

---

[1] Arguably, the principal debt amount listed in the 2019 State Court Action complaint was equally true and accurate when it was served on plaintiff three months later.   Although Charles Vaccaro had paid $300.00 toward the debt in the interim, plaintiff was allegedly jointly liable for it in its entirety as a matter of law, and defendant had the right to apply Charles Vaccaro's payment toward any portion of the outstanding debt that Charles Vaccaro settled, which included not only the principal amount, but interest and $425.00 in disbursements and fees owed in the 2015 State Court Action.

In short, because the statements at issue were legally and factually true and not susceptible to misinterpretation by the least sophisticated consumer, I find that plaintiff has failed to state plausible claims of false statements in violation of FDCPA §§1692e and 1692e(10).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the Amended Complaint (Dkt. #21), is granted, and the Amended Complaint is dismissed in its entirety, with prejudice. Plaintiff's motion seeking class certification (Dkt. #29) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 2, 2020.

7